UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS C. LYONS,

    Plaintiff,

CASE NO. 06-CV-13381

v.

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

PATRICIA L. CARUSO,
BLAINE LAFLER,
C. HESS,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

## II.    REPORT

### A.    Introduction

This *pro se* prisoner civil rights case brought pursuant to 42 U.S.C. § 1983 was referred by United States District Judge David M. Lawson[1] to the undersigned Magistrate Judge for pretrial case management pursuant to 28 U.S.C. § 636(b). (Dkt. 3.) Plaintiff is an inmate in the custody of the Michigan Department of Corrections ("MDOC") and is currently housed at the Pine River Correctional Facility in St. Louis, Michigan. Plaintiff's application to proceed *in forma pauperis*

---

[1] Pursuant to Administrative Order 06-AO-027, this case was reassigned to United States District Judge Thomas L. Ludington on September 13, 2006. (Dkt. 7.)

pursuant to 28 U.S.C. § 1915(a)(1) was granted on September 15, 2006. After screening the complaint, I conclude that the case is ready for Report and Recommendation.

### B.  Standard of Review

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A,[2] 28 U.S.C. § 1915(e),[3] and 42 U.S.C. § 1997e(c)(1),[4] the Court must *sua sponte* dismiss this case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989). When determining whether a

---

[2] 28 U.S.C. § 1915A provides in pertinent part:

(a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part that,

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .

> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

[4] 42 U.S.C. § 1997e(c)(1) provides that

[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6).  Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint "must nonetheless 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Perry v. Southeastern Boll Weevil Eradication Foundation*, 154 Fed. Appx. 467, 472 (6th Cir. 2005) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

In this case, Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983.  A claim under § 1983 consists of two essential elements:  (1) the defendant was a person acting under the color of state law; and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States of America.  *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996).

### C.     The Complaint

Plaintiff's eighteen-paragraph *pro se* complaint states that, in November 2002, when Plaintiff was transferred from the Ryan Correctional Facility ("RRF") in Detroit, Michigan, to the Saginaw Correctional Facility ("SRF") in Freeland, Michigan, numerous items of Plaintiff's personal property failed to arrive at the new facility.  (Compl. ¶ 7.)  When Plaintiff inquired about his belongings, he claims he was told that RRF had never forwarded the missing property.  Plaintiff

therefore submitted a Step I grievance to RRF on December 3, 2002, listing all of the lost items. RRF responded to the grievance by providing shipping documents showing that Plaintiff's property had been forwarded to SRF.

Plaintiff submitted an eight-page Step I grievance to SRF on April 30, 2003, alleging that approximately $4,400 of personal items had been lost by unknown staff at SRF. (Compl. at 7; Grievance No. SRF-03-05-00573-19c.) On June 3, 2003, following an investigation into the matter, Plaintiff received a six-page response to the grievance. The central conclusions of the investigation were as follows:

- The investigation did support that SRF staff received three boxes of catch-up property for grievant; the boxes were described as "excess" on a Notice Of Intent prepared by SRF staff on 12/10/02.

- Staff failed to hold a hearing in the matter and these three boxes were improperly disposed of.

- Grievant vastly over-estimated the values of his claimed losses.

(Dkt. 1 at 16; Step I Grievance Resp. at 5.) The response detailed each item of property claimed to be lost and whether that item was listed in the documentation from RRF. According to the respondent's calculations, Plaintiff only lost approximately $233 in property. Plaintiff was instructed that he "should appeal this response to step II for consideration for him to file a claim to the State Administrative Board." (*Id.*)

On June 19, 2003, Plaintiff submitted a Step II appeal form on which he wrote that it was impossible for him to complete his appeal because he didn't have his typewriter and couldn't get access to one in the library. (*Id.* at 36.) The Step II response, dated July 1, 2003, noted that "[g]rievant was untimely in filing an appeal" and that "a typewriter is not a requirement for filing an appeal." (*Id.* at 37.) Nevertheless, Warden Lafler, the respondent, went on to state that because

4

the property was lost "while in the possession of staff at no fault of Grievant," Plaintiff was "authorized to seek reimbursement from the State Administrative Board." (*Id.*) Warden Lafler then gave explicit instructions on the three steps involved in filing a claim with the administrative board. (*Id.*)

Plaintiff submitted a twenty-page Step III appeal that is not dated. (*Id.* at 38.) The response from the MDOC, dated January 11, 2005, again explains to Plaintiff the procedure for obtaining reimbursement through the State Administrative Board and further states that "[t]his office will submit a recommendation with the Grievant's documentation to the State Administrative Board for all items considered to be reimbursable." (*Id.* at 57.)

On July 26, 2006, Plaintiff filed this civil action alleging that Defendant C. Hess, an employee in the property room at SRF, "arbitrarily, capriciously, illegally and willfully disposed of Plaintiff['s] personal property without affording him a hearing as mandated in [the MDOC policy directives.]" (Compl. ¶ 8.) The complaint asserts that Plaintiff received no notice that his property was going to be destroyed, despite the "unmistakably mandatory" terms of the policy directives, which he claims entitled him to notice and a hearing. (*Id.* ¶¶ 8, 10.) Plaintiff does not mention whether he followed through and submitted the paperwork to obtain reimbursement from the State Administrative Board.

Plaintiff names three defendants in the complaint: SRF property room clerk C. Hess, SRF Warden Blaine Lafler, and MDOC Director Patricia L. Caruso. (Dkt. 1, Compl. ¶ 6.) As relief, Plaintiff seeks a declaration that his rights were violated, compensatory damages of $10,000 against each defendant, punitive damages of $10,000 against each defendant, and costs. (*Id.* ¶¶ 13-18.)

D.  **Analysis and Conclusions**

1.  **Official Capacity Claims**

The complaint states that each defendant is being sued in both their individual and official capacities. (*Id.* ¶ 6.) A suit against a state official in his or her official capacity seeking monetary damages for violations under 42 U.S.C. § 1983 is barred by the Eleventh Amendment because such an action is, in fact, a suit against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). "As Congress did not abrogate the Eleventh Amendment when enacting § 1983, neither a state, nor a state official sued in his official capacity is a 'person' who is subject to suit under § 1983." *Massingill v. Ohio Adult Parole Authority*, 28 Fed. Appx. 510, 511 (6th Cir. 2002) (holding that motion to amend complaint to add state officials in their official capacities as defendants was properly denied because it would not have withstood a Rule 12(b)(6) motion to dismiss). *See also Watson v. Baxter*, No. 01-5971, 2002 WL 475263 (6th Cir. March 27, 2002) (unpublished) (affirming district court's *sua sponte* dismissal pursuant to Prison Litigation Reform Act's screening provision of complaint seeking monetary and punitive damages against a state official in his official capacity).

Accordingly, I suggest that Plaintiff's official capacity claims be *sua sponte* dismissed for failure to state a claim because they are barred by the Eleventh Amendment.

2.  **Claims Against Defendants Caruso and Lafler in their Individual Capacities**

It is well-established that to state a federal civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege the personal involvement of each defendant. *See, e.g., Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (liability under § 1983 cannot be based upon a theory of *respondeat superior*); *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (supervisory defendant must have been personally involved, encouraged or

condoned the alleged misconduct); *Kesterson v. Moritsugu*, No. 96-5898, 1998 WL 321008 at **4 (6th Cir. 1998) (unpublished) (a plaintiff must "allege that a specific defendant performed a specific act that suffices to state a claim"). Plaintiff has not alleged any personal involvement by Defendants Caruso and Lafler, whose names do not even appear in the portion of the complaint setting forth the factual allegations. It appears they are included as defendants solely due to the supervisory positions they hold, which do not subject them to liability. *See Salehphour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998).

Therefore, because Plaintiff has not alleged that Defendants Caruso and Lafler were personally involved in or condoned the actions in question, I suggest that Plaintiff has failed to state a § 1983 claim against them.

### 3. Individual Capacity Claim Against Defendant Hess

Plaintiff claims that Defendant Hess violated his procedural due process rights when he failed to follow the "explicit mandatory language" of MDOC policy directive 04.07.112, which requires that an inmate be given notice and a hearing before his property is destroyed. (Compl. ¶ 8.) To bring a claim for property damage, a § 1983 plaintiff must either: (1) demonstrate that he was deprived of property as a result of an established state procedure that itself violates due process rights; or (2) demonstrate that he was deprived of property pursuant to a "random and unauthorized act" and that available state remedies would not adequately compensate for the loss. *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984).

In this case, the second prong applies, because Plaintiff claims that Defendant Hess failed to follow the established state procedure found in the Michigan policy directive. However, Plaintiff has not alleged that the State of Michigan fails to provide an adequate post-deprivation remedy, nor could he do so. The Sixth Circuit has found that "Michigan provides several adequate

post-deprivation remedies," such as a claim and delivery action under Michigan Court Rule 3.105, a civil action to recover damages for goods unlawfully taken under Michigan Compiled Laws § 600.2920, and a small claims action under § 600.8401(1). *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995); *Hardin v. Fox*, No. 94-1909, 1995 WL 118990, at **1 (6th Cir. 1995) (unpublished). Where a plaintiff claiming a deprivation of property without due process of law cannot show that state court remedies are inadequate to redress the alleged wrong he has suffered, the due process claim fails as a matter of law. *Pilgrim v. Littlefield*, 92 F.3d 413, 417 (6th Cir. 1996); *Huff v. Rutter*, No. 2:05-cv-92, 2006 WL 2039983 (W.D. Mich. July 19, 2006) ("Plaintiff avers random and unauthorized acts, but has made no showing of the inadequacy of State post-deprivation remedies such as the submission of claims for reimbursement through the Prisoner Benefit Fund or the State Administrative Board").

Accordingly, I suggest that the complaint fails to state a claim against Defendant Hess in his individual capacity, and that the case should be dismissed with prejudice.

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                  s/ *Charles E Binder*
                                                  CHARLES E. BINDER
Dated: September 20, 2006                     United States Magistrate Judge

## CERTIFICATION

     I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Thomas Lyons and Honorable Thomas Ludington.

Dated: September 20, 2006                   By      s/Mary E. Dobbick
                                                          Secretary to Magistrate Judge Binder